UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NAMEL NORRIS,

      Plaintiff,

 -against-

THE VILLAGE SQUARE PIZZA II, INC., a New York
Corporation, d/b/a VILLAGE SQUARE PIZZA, and
M&E CHRISTOPHER LLC, a New York limited
liability company,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.: 1:21-cv-3603

**VERIFIED ANSWER WITH COUNTERCLAIMS AND CROSS CLAIMS**

COUNSEL:

 The defendant(s), M&E CHRISTOPHER, LLC (hereinafter "defendant[s]"), by its/their attorneys, RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN LLP, as and for an Answer to the Complaint of the plaintiff herein, respectfully alleges upon information and belief:

**RESPONSE TO "JURISDICTION AND PARTIES"**

 FIRST: Paragraph 1 of the complaint contain no allegations of fact requiring a response, which are in any event denied in toto to the extent such can otherwise be construed, except to affirmatively state that plaintiff purports to bring an action for declaratory and injunctive relief, entitlement to which is denied, and all legal conclusions are respectfully referred to this Court.

 SECOND: Paragraph 2 of the complaint contains no allegations of fact requiring a response, which if so are otherwise denied, and refer all questions of law to the Court.

 THIRD: Paragraph 3 of the complaint contains legal conclusions which require no response from this answering defendant, which are otherwise denied and respectfully referred to this Court.

FOURTH: Each and every allegation contained within ¶ 4 of the complaint are denied, and any legal conclusions are respectfully referred to this Honorable Court.

FIFTH: Defendant admits the allegations contained within ¶ 5 of the complaint to the extent asserted against it, *to wit*, that M&E CHRISTOPHER LLC is a Limited Liability Company organized and existing under and by virtue of the laws of the State of New York, and to the extent it is alleged that M&E CHRISTOPHER LLC is the record owner of certain premises located at 118 Christopher Street, New York, NY 10014, and that it leases certain ground floor and cellar/basement space at the within premises to commercial tenant, co-defendant THE VILLAGE SQUARE PIZZA II INC., and otherwise denies each and every other allegation or potential allegation that may be construed to apply to this answering defendant. The remainder of the allegations do not pertain to this answering defendant and therefore require no response from same. Any questions of law are referred to the Court.

SIXTH: Denies the allegations contained within ¶ 6 of the complaint that any events occurred which gave rise to this suit, and respectfully refer all questions of law and fact to the Court and trier thereof.

## RESPONSE TO "COUNT 1" (ADA)

SEVENTH: The allegations contained within ¶¶ 7-9 and each subpart therein of the complaint comprise assertions and/or conclusions of law to which no response is required of this answering defendant, and are otherwise denied to the extent any may be construed against this defendant, and are respectfully referred to the Court.

EIGHTH: Deny knowledge or information sufficient to form a belief as to the allegations contained within ¶¶ 10-11 of the complaint, and deny any and all allegations and/or conclusions of law and respectfully refer same to the Court.

NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 12 of the complaint, and all legal conclusions are respectfully referred to this Court.

TENTH: Deny each and every allegation contained within ¶¶ 13-14 of the complaint and respectfully refer all questions of law to the Court.

ELEVENTH: The statements contained within ¶ 15 of the complaint comprise conclusions and/or statements of law to which no response is required of defendant, and are otherwise denied to the extent any may be construed to apply to this answering defendant and refer all questions of law to the Court.

TWELFTH: Deny each and every allegation contained within ¶¶ 16, and each of its subparts, as well as ¶¶ 17-20, and respectfully refer all questions of law to the Court.

THIRTEENTH:

### RESPONSE TO "COUNT II" (NYCHRL)

FOURTEENTH: The allegations or statements contained within ¶ 21 of the complaint comprise conclusions or opinions of law and therefore require no response from defendant, and are otherwise denied to the extent any is required from same and are referred to the Court.

FIFTEENTH: Deny each and every allegation contained within ¶ 22 of the complaint as asserted as against this answering defendant, and respectfully refer all questions of law to the Court.

SIXTEENTH: Defendant repeats, reiterates and re-alleges each and every response to each and every allegation raised in the complaint and incorporated into ¶ 23 of the complaint as if fully set forth herein.

## RESPONSE TO "COUNT III" (NYSHRL)

SEVENTEENTH: The allegations or statements contained within ¶ 24 of the complaint comprise conclusions or opinions of law and therefore require no response from defendant, and are otherwise denied to the extent any is required from same and are referred to the Court.

EIGHTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 25 of the complaint, which is otherwise denied to the extent it comprises a statement / conclusion of law, which is respectfully referred to the Court.

NINETEENTH: Deny each and every allegation contained within ¶¶ 26-27 of the complaint and respectfully refer all questions of law to the Court.

TWENTIETH: Defendant repeats, reiterates and re-alleges each and every response to each and every allegation raised in the complaint and incorporated into ¶ 28 of the complaint as if fully set forth herein.

## RESPONSE TO "COUNT IV" (NYC ADMIN. CODE)

TWENTY-FIRST: Deny each and every allegation contained within ¶¶ 29-36 of the complaint, and respectfully refer all questions of law to the Court.

TWENTY-SECOND: Defendant repeats, reiterates and re-alleges each and every response to each and every allegation raised in the complaint and incorporated into ¶ 37 of the complaint as if fully set forth herein.

## RESPONSE TO "ATTORNEYS' FEES AND COSTS"

TWENTY-THIRD: As to ¶ 38 of the complaint, deny that plaintiff is entitled to attorneys' fees, costs and expenses in commencing and/or prosecuting this action and refer all questions of law to the Court.

TWENTY-FOURTH: Deny as to ¶ 39 of the complaint that plaintiff is entitled to any

damages, compensatory or otherwise, and refer all questions of law to the Court.

## RESPONSE TO "DAMAGES"

TWENTY-FIFTH: Denies the allegations contained within ¶ 40 of the complaint, and any claim of entitlement to any damages asserted therein and refer all questions of law to the Court.

## RESPONSE TO "INJUNCTIVE RELIEF"

TWENTY-SIXTH: Deny each and every allegation contained within ¶ 41 and the paragraph beginning with "WHEREFORE", and each of its subparts, of the complaint, and any claim to entitlement to the relief asserted therein and refer all questions of law to the Court.

## AS AND FOR A 1ST AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: The complaint fails to state a cause of action cognizable in law or equity against the answering defendant and the complaint must therefore be dismissed.

## AS AND FOR A 2ND AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Plaintiff lacks standing to maintain this action.

## AS AND FOR A 3RD AFFIRMATIVE DEFENSE

TWENTY-NINTH: Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A 4TH AFFIRMATIVE DEFENSE

THIRTIETH: Removal of the alleged barriers and/or alternative access requirements with respect to the Premises are not readily achievable and, therefore, not required.

## AS AND FOR A 5TH AFFIRMATIVE DEFENSE

THIRTY-FIRST: The injunctive relief sought by plaintiff would require fundamental changes to the Premises, is an undue burden, impractical, and/or is not structurally, technically, or financially feasible, are not readily achievable, not otherwise required by law, statute, regulation or industry standards, inclusive of the subject premises being situated in an historic and/or

landmark district, and the premises itself being so designated as an historic landmark.

## AS AND FOR A 6TH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff failed to provide the requisite prior notice and/or otherwise failed to satisfy the conditions precedent to commencing this action.

## AS AND FOR A 7TH AFFIRMATIVE DEFENSE

THIRTY-THIRD: The Premises is an existing facility within the meaning of the Americans with Disabilities Act and any other applicable statues or regulations.

## AS AND FOR AN 8TH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Neither the Americans with Disabilities Act, nor any other state or local counterpart, is applicable to the Premises insofar as, *inter alia*, the Premises was constructed prior to the enactment of the Americans with Disabilities Act.

## AS AND FOR A 9TH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff has not suffered any injury in fact or damages, and/or failed to mitigate any damages that were allegedly suffered.

## AS AND FOR A 10TH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Upon information and belief, co-defendant's employees are available to assist customers and have cured any violations of the statutes invoked by plaintiff in this action to the extent any existed.

## AS AND FOR AN 11TH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Upon information and belief, plaintiff's claims are moot because the injunctive relief requested by plaintiff in the Complaint has already been implemented.

## AS AND FOR A 12TH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Defendant is not responsible for remediating the alleged

architectural barriers at issue in the Complaint.

## AS AND FOR A 13TH AFFIRMATIVE DEFENSE

THIRTY-NINTH: Defendant has complied with all applicable federal, state, and local laws, rules, and regulations and has acted reasonable in all respects at all relevant times herein.

## AS AND FOR A 14TH AFFIRMATIVE DEFENSE

FORTIETH: Plaintiff is not entitle to attorneys' fees, compensatory, statutory or punitive damages.

## AS AND FOR A 15TH AFFIRMATIVE DEFENSE

FORTY-FIRST: Plaintiff's claims are barred by all available equitable defenses, including but not limited to laches, fraud upon the court, and unclean hands.

## RESERVATION OF RIGHTS

FORTY-SECOND: Defendant reserves the right to assert and raise any other defenses available to it as discovery progresses, including its impleader rights.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial as provided by the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

## COUNTERCLAIMS

As for counterclaims against Plaintiff, defendant M&E CHRISTOPHER LLC alleges:

FORTY-THIRD: Plaintiff commenced the present action against defendants before the above-captioned court on or about April 22, 2021.

FORTY-FOURTH: That, upon information and belief, since 2014, plaintiff, by and through the law office of The Weitz Law Firm, P.A., has filed or caused to be filed or commenced at least 140 virtually identically pled actions.

FORTY-FIFTH: That, upon information and belief, in 2021 alone, plaintiff has already commenced at least 34 of such virtually identically pled, boilerplate public accommodation complaints.

FORTY-SIXTH: That, upon information and belief, the instant suit was one of 16 virtually identically pleaded public accommodation complaints filed in the month of April 2021 alone.

FORTY-SEVENTH: The filing of the within action by plaintiff constitutes an abuse of process in that the action was not filed to redress any injury sustained by Plaintiff as a result of Defendant's conduct, but rather the action was manufactured and filed primarily to harass and annoy defendant.

FORTY-EIGHTH: The filing of the action by Plaintiff constitutes an abuse of process in that the action was not filed in good faith and with a reasonable belief as to the facts asserted therein, since Plaintiff knew that any injuries he sustained were not due to Defendant's actions or inactions, that he in fact has sustained no injury in fact, and has commenced this but one of a multitude of virtually identically plead actions for purposes other than to seek legal redress in what amounts to a conspiracy to commit tortious acts fueled by counsel whose conduct has been judicially described as one of a "parasite disguised as a social engineer" that "must stop."

FORTY-NINTH: The filing of the action by Plaintiff was a willful act in the use of the process not proper in the regular conduct of the proceeding, in that he used the process with the primary intent of (1) harassing and punishing Defendant, unjustifiably, and (2) extorting money from the Defendant by using legal process to obtain money damages to which he is not entitled, amounting to fraud.

FIFTIETH: Defendant has been harmed by Plaintiff's willful act in that it has and/or will

have incurred attorneys' fees, costs and disbursements, in the defense of this action.

WHEREFORE, Defendant respectfully requests that:

FIFTY-FIRST: The complaint be dismissed, with prejudice.

FIFTY-SECOND: Defendant recover judgment against plaintiff on its counterclaim for damages comprising reasonable attorneys' fees, costs and disbursements, in an amount to be determined by the court at a future hearing date.

FIFTY-THIRD: Defendant recover judgment against plaintiff on its counterclaim for punitive damages in a sum to be determined at a later date.

FIFTY-FOURTH: Defendant to be awarded fees, costs and disbursements against plaintiff; and

FIFTY-FIFTH: Defendant to be granted such other and further relief as this Court deems just and proper.

## INTRODUCTION

FIFTY-SIXTH: Defendant/cross-claimant M&E CHRISTOPHER LLC. seeks contribution and indemnification and related relief as outlined below as to co-defendant to the extent that defendant/cross claimant is found liable to plaintiff for the underlying causes of action herein, it is entitled to common law and contractual defense and indemnification from co-defendant.

## CLAIM FOR ATTORNEYS' FEES

FIFTY-SEVENTH: Defendant has retained legal counsel and have agreed to pay a reasonable fee for these services. Pursuant to 28 U.S.C. Section 1927 and 42 U.S.C. Section 12205, and applicable law, Defendant is entitled to recover attorneys' fees and costs incurred in this action.

## JURISDICTION AND VENUE

FIFTY-EIGHTH: The Court has subject jurisdiction over the subject matter of these claims pursuant to Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331 and 28 U.S.C. §2201, as there is a federal question.

FIFTY-NINTH: The court has jurisdiction over co-defendant to the extent it carried on a business at any relevant point in time that forms the subject matter of the underlying suit.

### AS AND FOR A 1ST CROSS CLAIM
### AGAINST CO-DEFENDANT(S)
### (Contractual Defense and Indemnification)

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into lease whereby co-defendant agreed to indemnify and hold harmless defendant with respect the claims and allegations asserted by plaintiff in the Complaint.

Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant including but not limited to the payment of any judgment rendered against defendant, and for all of their attorneys' fees, costs and disbursements.

### AS AND FOR A 2ND CROSS CLAIM
### AGAINST CO-DEFENDANT(S)
### (Contractual Defense and Indemnification – Third Party Beneficiary)

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, co-defendant entered into contract(s) and/or written agreement(s), whether express or implied, with other parties whereby they agreed to defend, indemnify, and hold harmless defendant with respect to the claims and

allegations asserted by plaintiff in the Complaint as an intended third-party beneficiary to such agreement(s) or contract(s).

Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation(s) to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant, including but not limited to the payment of any judgment rendered against said defendant, and for all of their attorneys' fees, costs and disbursements.

**AS AND FOR A 3RD CROSS CLAIM
AGAINST CO-DEFENDANT(S)
(Failure to Procure Insurance Coverage in Favor of Defendant)**

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into a lease whereby co-defendant agreed to procure insurance policies that named defendant as an additional insured, and among the terms and conditions of the lease, co-defendant agreed to obtain and maintain insurance coverage at its own expense in favor of defendant covering the circumstances giving rise to plaintiff's alleged damages.

Upon information and belief, co-defendant failed to procure and obtain such insurance coverage required by the lease and/or failed to name defendant as an additional insured on any such policy.

Accordingly, defendant has been damaged and co-defendant is responsible for defendant's payments and discharge of its liability to the extent of the required policy limits and the cost of defending and indemnifying against plaintiff's claims.

## AS AND FOR A 4TH CROSS CLAIM
## AGAINST CO-DEFENDANT(S)
(Common Law Indemnification)

That if plaintiff was caused to sustain the injuries alleged in the verified complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable conduct other than plaintiff's own, all of which are denied by answering defendant(s), then such damages were caused wholly and solely by reason of the negligence, recklessness, carelessness and/or breach of duty, contract, warranties (express or implied), or otherwise through any fault or culpable conduct of co-defendant(s) by themselves and/or by or through or in concert with its/their agents, servants, independent contractors, sub-contractors and/or their agents, servants and employees, over whom answering defendant(s) had no control, by recklessly, negligently, and carelessly failing to properly perform the services rendered or work provided, and otherwise to properly maintain, operate, manage, supervise and direct said work and/or operation, without any negligence or culpability of the answering defendant(s).

Accordingly, if answering defendant(s) is/are found liable to plaintiff herein, then defendant(s) hereby demand(s) judgment over and against co-defendant(s) for common law indemnification for the full amount of any judgment which may be obtained herein by plaintiff against answering defendant(s), together with attorneys' fees, costs and disbursements expended in this action.

## AS AND FOR A 5TH CROSS CLAIM
## AGAINST CO-DEFENDANT(S)
(Common Law Contribution)

That, upon information and belief, if plaintiff was caused to sustain the injuries alleged in the verified complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable other than plaintiff's own, which is

hereby denied in its entirety, then such damages were caused in whole or in part due to such culpable conduct of co-defendant(s), singularly or together or in concert with their contractors and/or sub-contractors, and/or their respective agents, servants and/or employees, with the answering defendant(s) bearing only, if at all, secondary, derivative, vicariously at fault, or otherwise by operation of law.

Accordingly, if this/these answering defendant(s) is/are found liable to plaintiff, then answering defendant(s) is/are hereby entitled to contribution from, and have judgment over and against, co-defendant(s) for the amount of any judgment deemed proportionate to each and every co-defendant as adjudged between all defendants herein.

WHEREFORE, defendant(s) M&E CHRISTOPHER LLC hereby demand(s) judgment dismissing the Complaint together with costs, disbursements, and expenses of this action including attorneys' fees; alternatively, answering defendant(s) demand(s) judgment on each of its counterclaims against plaintiff and cross claims against co-defendant(s), inclusive of judgment for indemnification or contribution against co-defendant(s); together with reasonable attorneys' fees, costs and disbursements; together with such further and different relief as this Court deems just and proper.

Dated: New York, New York
       June 21, 2021

                                  Yours, etc.,
                                RUBIN PATERNITI GONZALEZ
                                RIZZO KAUFMAN LLP

                                By:_____
                                    JUAN C. GONZALEZ, ESQ.

                                By:_____
                                    HARA J. PRAGER, ESQ.

                                Attorneys for Defendant(s)
                                M&E CHRISTOPHER LLC
                                555 Fifth Avenue, 6th Floor
                                New York, NY 10017
                                Tel: (646) 809-3370
                                Fax: (646) 809-1622
                                gonzalez@rpgklaw.com
                                prager@rpgrklaw.com
                                File No.: 3748.1911


TO:    THE WEITZ LAW FIRM PA
        Attorneys for Plaintiff
        18305 Biscayne Blvd, Suite 214
        Aventura FL 33160
        Tel: (305) 949-7777

# ATTORNEY VERIFICATION

STATE OF NEW YORK )
                                ) ss:
COUNTY OF NEW YORK )

JUAN C. GONZALEZ, being duly sworn, deposes and says:

That he is a member of the firm of attorneys representing the defendant(s) M&E CHRISTOPHER LLC. That he has read the attached Verified Answer to the Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and as to those matters he believes them to be true to the best of his knowledge.

That deponent's sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

That this verification is made by deponent because his clients do not reside within the county where deponent maintains his office and/or because deponent is the attorney for the corporate defendant(s).

                                                                  JUAN C. GONZALEZ

Sworn to before me this
18th day of June, 2021

_____
NOTARY PUBLIC

OLGA RYBUSHKINA
Notary Public, State of New York
No. 01RY6321184
Qualified in Queens County
Commission Expires March 16, 2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAMEL NORRIS,

                                    Case No.: 1:21-cv-3603

          Plaintiff,

   -against-

THE VILLAGE SQUARE PIZZA II, INC., a New York
Corporation, d/b/a VILLAGE SQUARE PIZZA, and
M&E CHRISTOPHER LLC, a New York limited
liability company,

                        Defendants.

### *VERIFIED ANSWER WITH COUNTERCLAIMS AND CROSS CLAIMS*

RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN LLP
Attorneys for Defendant(s)
**M&E CHRISTOPHER LLC**
Office and Post Office Address
555 Fifth Avenue, 6th Floor
New York, New York, 10017
Telephone (646) 809-3370

*TO: ALL PARTIES*